SHELTON v. SCHWARTZ et al.

No. 7948.

Circuit Court of Appeals, Seventh Circuit.

Nov. 10, 1942.

806

James R. McKnight and Robert C. Comstock, both of Chicago, Ill., for appellant.

Samuel E. Hirsch, William Roger, Julian H. Levi, and Wilhartz & Hirsch, all of Chicago, Ill., for appellees.

Before EVANS, KERNER, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

In this patent infringement suit a default decree was entered in the District Court for the Northern District of Illinois, Eastern Division, which was later vacated and the service of process quashed on the ground that the defendant company did not have a "regular and established place of business" in said district when service was made on its soliciting salesman.

This appeal is from the order entered pursuant to this ruling.

Plaintiff argues that the facts support the conclusion that defendant company was doing business in Illinois, within the meaning of the statutory jurisdictional provision [1] expressed in Title 28 U.S.C.A. § 109.

The District Court epitomized the facts in a short statement, as follows:

"That Carl Zeiss, Inc., is a corporation organized under the laws of the state of New York, with its principal place of business in * * * New York; that for the past 15 years, it has maintained an office in Chicago, used by two salaried employees of the company to solicit orders for the company's products from residents of the district; that the name of the corporation appears in the Chicago telephone directories, on the index of tenants of the building in which it maintains an office and on the door of its office; that the present lease for the office calls for the payment of rent by the company for 'an office for said company's business'; that in the office, in which the company's two employees have desks, are show cases in which are displayed sample products of the company, and there are also kept in the office and distributed therefrom folders and circulars describing the products of the company; that samples of its products for use by its employees in soliciting orders are carried in the Chicago office; that the employees in the Chicago office have no authority to accept or fill orders for the company's products, but they have authority only to solicit such orders and to forward them, when obtained, to the office of the company in New York for acceptance and filling, or rejection; and that, when orders received from the Chicago office are accepted, the goods are shipped directly from the New York office to the purchaser in Chicago. * * *" [43 F.Supp. 328, 329].

An affidavit submitted by plaintiff asserted that, in addition to the foregoing facts, there had been at least one completed sale (as distinguished from taking orders) in the Chicago office. To this fact defendant asserts that if such sale took place, it was an isolated instance of sale, from sample stock, and in which case there were exceptional circumstances, and also, transportation charges from New York were billed on the sale.

The District Court, where this suit originated, is divided on this question. In the case of James P. Marsh Corporation v. United States Gauge Co., 42 F.Supp. 998, a District Judge of this district held that service upon the foreign corporation's agent, who made no sales, but solicited orders, was good, if the foreign corporation maintained in the state "a regular and established place of business." To the same effect was the holding of another District Judge in this district. In the former case, the ruling of the District Court was affirmed on appeal to this court. James P. Marsh Corp. v. United States Gauge Co., 7 Cir., 129 F.2d 161. To the same effect see Penn Elec. Switch Co. v. United States Gauge Co., 7 Cir., 129 F.2d 166.[2]

[1] "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, * * * shall have committed acts of infringement *and have a regular and established place of business.* If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon *the agent or agents engaged in conducting such business* in the district in which suit is brought."

[2] Since the oral argument in this case, certiorari was denied by the Supreme Court, October 26, 1942.

The holding of another member of the same District Court follows what appellee insists is the weight of authority.

The District Court, in the present case, relied upon Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808, where the Court held the company was not "doing business" and therefore not subject to service, when it had only soliciting agents represent them in the state where service is made.

Appellee distinguishes the Marsh case, supra, because in that case the defendant corporation was licensed to do business in the state where served. In the instant case, appellee was not licensed to do business in Illinois. It is argued that a foreign corporation's action, in securing a license to do business, carried an admission from which it can not later escape.

Quite as compelling, when it comes to construing the intention of Congress and its use of words in a statute, is the contention that one who violates the statute by not obtaining a license to do business from the state wherein it is doing business, would not be rewarded by Congress for its misconduct. It would, and should, not win immunity from service in the state where the cause of action arose, because it violated the law by not securing a license from said state to do business therein.

It would seem quite intolerable (speaking from a practical point of view) to permit a foreign corporation to flood a state with soliciting agents, maintain an office for them, pay and support them, and thus obtain a large volume of business, without giving the customers who were successfully solicited by the foreign corporation's agents, redress in the state where the cause of action arose. To permit a foreign corporation which has failed to comply with the state law requiring registration and licensing, to escape, while holding the foreign corporation, which complies with the law and takes out a license, is subject to service of process, punishes the law abiding and exempts the law-breaker.

We would be slow to give any statute such a construction.

The ability to avoid suits in the states where liability arose, has been the subject of much criticism, when responsibility was sought against those who engaged in daring and fraudulent financial operations through holding companies and so-called investment trusts, following the exposures of fraud and other misconduct of the 1920–30 era. There are good reasons for holding the foreign corporation for its wrongs, both tortious and contractual, in the state where the wrongs were perpetrated.

However, our inquiry involves neither a factual nor a political question, merely a legal question.

The Marsh decision would seem decisive of the question, save as the facts in this case deal with a corporation which had not taken out a license to do business. In the Marsh case, all the business transacted was merely soliciting orders. The orders thus obtained were forwarded to an out-of-state office and there ratified before they became binding.

To meet, and dispose of, the argument based upon the aforementioned distinction, it may not be improper to set out more fully than was done in the Marsh opinion, the reasons which caused us to so conclude.

■ First, it must be noted that we are here dealing with a suit involving a patent infringement, a subject over which the Federal courts have exclusive jurisdiction. Equally important is the fact that Congress has specifically dealt with the subject of jurisdiction of Federal courts over such patent infringements.

Generally speaking, we are dealing with two subjects: (a) The immunity of foreign corporations, and (b) the service of process. For the latter, we turn to the Rules of Civil Procedure and to Rule 4(d) (3), 28 U.S.C.A. following section 723c. This section deals with domestic corporations, foreign corporations, partnerships, and unincorporated associations of a particular kind. We are interested merely in the foreign corporation. Sections 3 and 7 of this subdivision (d) of Rule 4 read as follows:

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. * * *

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Under this section service may be made "[a] in the manner prescribed by any statute of the United States, or [b] in the manner prescribed by the law of the state in which the service is made for the service of summons * * *."

Section 109, Title 28 U.S.C.A., above quoted, deals specifically with the subject of Federal court jurisdiction of suits brought for the infringement of patents. Plaintiff may rely upon the specific statute which gives the Federal court, jurisdiction of a defendant who committed the infringement in the district wherein he has "a regular and established place of business," and may also avail itself of section 3 and 4 of Subdivision (d) of Rule 4 of the Rules of Civil Procedure.

It would seem to necessarily follow that if the court has jurisdiction of the suit, for infringement of letters patent, where the infringer has a "regular and established place of business" in said district, that service thereat is good, if made upon the agent or employee who is in charge of said "regular and established place of business." He need not be an officer; nor a managing agent. In fact, he need not be a general agent. If jurisdiction depends upon the existence of a regular and established place of business in the district, we think it would be sufficient if the man in charge of such place were served. In fact the jurisdiction statute specifically describes the agent upon whom such service may be made, as the "agent or agents engaged in conducting such business."

Nor should the term "a regular and established place of business" be narrowed or limited in its construction. Why should it be? The words do not necessitate nor warrant it. A foreign corporation may have a regular and established place of business, although the business therein is merely securing orders and forwarding them to the home office of the non-resident corporation. To hold otherwise would be contrary to the factual information which is possessed by all and which must be attributed to Congress.

Heretofore, the sharp controversy has been over the jurisdiction of Federal courts, where diversity of citizenship was the basis of the Federal court jurisdiction. See Neirbo Co. v. Bethlehem Co., 308 U.S. 165, 167, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, and cases therein referred to. The statute there discussed is 28 U.S.C.A. § 112, Sec. 51, Judicial Code.

The decision, in this rather famous case, serves to emphasize the modern approach of the Supreme Court in cases where foreign corporations are held, when heretofore they have successfully avoided responsibility for their action in states where their obligations arose. Of this changed attitude it may well be said that judicial precedents were forced to give way to practical situations which have long called loudly for correction. Consistency, in following a judicial theory, was surrendered to meet factual conditions which could not be concealed by a screen of legal fiction, and which permitted artificial persons to avoid, in local courts, the consequences of their activities in said local communities.

Fortunately, the plaintiff, in a patent infringement suit, is in a better position than a suitor who has not the advantage of the above-quoted aidful section. Such a plaintiff may rely upon a specific Federal statute wherein the only requirement of service is that the defendant have a "regular and established place of business." He need not inquire whether the agent in charge is a managing agent, an officer, or even a general agent.

Applying the foregoing, it is apparent that the defendant had a "regular and established place of business" in Chicago. An office was by it maintained there. Defendant paid the rent therefor. Its name was placed in the telephone directory. Its name appeared upon the door of its office. For years, through this office, it maintained salesmen and representatives, who solicited orders and carried on a continuous, substantial business in "soliciting orders."

Defendant's only urge is that the agent could not make sales, but only solicit orders. The statute does not speak of the kind of business which those in charge of the "regular and established place of

business" shall do. It is sufficient to observe that a "regular and established place of business" may be found to exist, though the court does not know whether the business conducted therein was soliciting, or soliciting and selling. Emphasis must be on the existence of the regular and established place of business,—not on the nature or character of the business conducted there.

The case of Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808, is distinguishable because (a) the Rule of Civil Procedure which authorizes service on a "managing or general agent" was not in force when this decision was rendered. (b) In the Tyler case, the sufficiency of the service was not the basis of the decision. The decree of the District Court was there affirmed. Affirmance was on the ground that no infringement in the district wherein suit was begun, occurred. This defense in no way bears upon the defense of want of jurisdiction because of defective, or failure of, service of process. Failure to make proper service presents a jurisdictional defense. Infringement or noninfringement within the district where suit is brought, is a factual defense which must be determined upon the trial, or as in a plea in abatement.

The brief statement dealing with the character of the place of business was obiter. This factual statement does, however, distinguish the Tyler, from the instant, case. In the former, the place of business was a room rented by another corporation and the agent was employed by said "other corporation" which rented the room.

(c) While the recent case of Neirbo Co. v. Bethlehem Company, supra, can be readily distinguished so far as the specific issue is concerned, the discussion therein, the implication of its holding, as well as the dissent, can not be ignored. The day of the foreign corporation's avoidance of liability to local residents with whom it has transacted business seems to be about over.

In view of our conclusion on the other phase of the case, it becomes unnecessary for us to consider whether the agent in charge of the appellee's place of business in Chicago, was not a "managing or general agent" within the meaning of those words as used in Section 3 of subdivision (d) of Rule 4, of the Rules of Civil Procedure.

The decree is reversed.