LATINI et al. v. R. M. DUBIN CORPORATION.

No. 49 C 955.

United States District Court N. D. Illinois. E. D.

Jan. 25, 1950.

Harry C. Alberts, Chicago, Ill., for plaintiffs.

Dawson, Ooms, Booth & Spangenberg, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

In this action plaintiffs seek legal and equitable relief for alleged patent infringement. Plaintiff Latini is the owner of a patent issued on a chocolate decorating machine, and Chocolate Spraying Co. holds an exclusive license for the manufacture and sale of said machine. The complaint was filed on June 9, 1949. Without having answered the complaint or otherwise pleaded, defendant, on October 12, 1949, moved to quash service of summons and to dismiss the complaint for lack of jurisdiction. On the following day, plaintiffs moved for judgment by default.

The following facts are revealed in the pleadings, affidavits and briefs of the parties. One Frank J. Keeley acted as defendant's sales representative in Chicago. Defendant is a California corporation and has its principal place of business in that State, but advertised itself in the Chicago classified telephone directory, in which it included Keeley's name as its representative. Keeley did not receive a salary from defendant as an employee, but was compensated by means of commissions. He was authorized only to solicit orders for defendant's products and forward them to defendant in California for acceptance. He was permitted to represent other concerns during the period he represented defendant, but was reimbursed by defendant for expenses, such as the renting of office space and payment of telephone bills. During the period June 5-9, 1949, defendant maintained a booth at the Confectionery Industries Exposition in Chicago, in which booth the alleged infringing machine was displayed. Plaintiffs' affidavits state that at least one order for the sale of the machine was accepted by defendant's president, R. M. Dubin. Summons was served on Dubin while he was attending the exposition. Defendant contends that it is a California corporation, does not do business in Illinois, and did not commit an act of infringement within the jurisdiction of this Court.

The pertinent venue provision in regard to suits for patent infringement is found in 28 U.S.C.A. § 1400(b): "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Provisions for service of process in this type of action are contained in 28 U.S.C.A. § 1694: "In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business."

The problem of determining when a corporation is doing business or has a regular

and established business within a judicial district of which it is not a resident, has long been a vexatious one for courts. However, in recent years the tendency of the courts has been to prevent a corporation from interposing its corporate citizenship when its actions elsewhere are detrimental to others, and to require it to assume certain responsibilities in exchange for the privilege of obtaining a lucrative portion of its business from other areas. This view is clearly expressed by the Court of Appeals of this circuit in the case of Shelton v. Schwartz, 7 Cir., 131 F.2d 805, 807:

"It would seem quite intolerable (speaking from a practical point of view) to permit a foreign corporation to flood a state with soliciting agents, maintain an office for them, pay and support them, and thus obtain a large volume of business, without giving the customers who were successfully solicited by the foreign corporation's agents, redress in the state where the cause of action arose. To permit a foreign corporation which has failed to comply with the state law requiring registration and licensing, to escape, while holding the foreign corporation, which complies with the law and takes out a license, is subject to service of process, punishes the law abiding and exempts the law-breaker.

"We would be slow to give any statute such a construction".

Defendant strongly urges the proposition that it did not have a regular and established place of business in Chicago for the reason that Keeley, its representative, had no authority to accept orders, but was empowered only to solicit them. True, this may have once been a valid argument, but the Shelton case clearly eliminated such a distinction:

"Nor should the term 'a regular and established place of business' be narrowed or limited in its construction. Why should it be? The words do not necessitate nor warrant it. A foreign corporation may have a regular and established place of business, although the business therein is merely securing orders and forwarding them to the home office of the non-resident corporation.

To hold otherwise would be contrary to the factual information which is possessed by all and which must be attributed to Congress.

\*    \*    \*    \*    \*    \*

"Applying the foregoing, it is apparent that the defendant had a 'regular and established place of business' in Chicago. An office was by it maintained there. Defendant paid the rent therefor. Its name was placed in the telephone directory. Its name appeared upon the door of its office. For years, through this office, it maintained salesmen and representatives, who solicited orders and carried on a continuous, substantial business in 'soliciting orders.'

"Defendant's only urge is that the agent could not make sales, but only solicit orders. The statute does not speak of the kind of business which those in charge of the 'regular and established place of business' shall do. It is sufficient to observe that a 'regular and established place of business' may be found to exist, though the court does not know whether the business conducted therein was soliciting, or soliciting and selling. Emphasis must be on the existence of the regular and established place of business,—not on the nature or character of the business conducted there."

■ A comparison of the facts in the case at bar and those existing in the Shelton case reveals a substantial similarity. Here defendant advertised itself in the Chicago classified telephone directory, in which it included the name of Keeley as its representative. Furthermore, by means of reimbursement, it paid his office rent and telephone bill. Although Keeley received his compensation through commissions rather than salary, such fact will not avoid the conclusion that defendant was truly conducting a business in Chicago.

■ In regard to the alleged act of infringement within the district, defendant's affidavits state that no sale occurred and no order was received during the Exposition from June 5th to June 9th. However, defendant now appears to have altered its position by contending that no act of infringement occurred since the sale was not a cash transaction and delivery of the ma--

chine was never made. This position is untenable. The act of infringement was completed upon acceptance of the order by R. M. Dubin, president of defendant corporation. An executory contract, capable of performance, then and there came into existence.

Further, there is no necessity for determining whether or not Keeley was the "agent * * * conducting such business" within the meaning of Section 1694 of the Judicial Code, so as to justify service of process on defendant by service on him. Here service was actually had upon the president of defendant corporation while he was present within this district. As an officer of the company, he was a proper person to be served, pursuant to Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

In view of the fact that defendant failed to file its appearance, answer or other pleading in the action until approximately four months after the filing of the complaint, there appears to be ample grounds for granting plaintiffs' motion for judgment by default. However, since defendant may have been in good faith relying upon a mistaken notion of the law as to jurisdiction, I shall give the defendant the benefit of the doubt and permit it to answer the complaint within 20 days of this date.