**James Gordon KERR, Plaintiff,**

v.

**PORT HURON SULPHITE AND PAPER CO., Defendant.**

**Civ. A. No. 777-57.**

United States District Court
D. New Jersey.

Dec. 26, 1957.

Pitney, Hardin & Ward, Newark, N. J., Curtis, Morris & Safford, New York City, by Robert D. Spille, Brooklyn, N. Y., of counsel, for plaintiff.

Stryker, Tams & Horner, Newark, N. J., Harness, Dickey & Pierce, Detroit, Mich., by John A. Blair, Detroit, Mich., of counsel, for defendant.

HARTSHORNE, District Judge.

Plaintiff, a resident of New Jersey, files his complaint as the owner of a patent against defendant corporation, with its home office in Michigan, alleging the infringement of plaintiff's Patent

No. 2557875, issued in 1951, on a transfer assembly. Plaintiff served one of defendant's salesmen operating out of an office rented by defendant in Ridgewood, New Jersey. Defendant moves to quash this service as invalid on both statutory and constitutional grounds, claiming (1) that the venue is not properly laid in this district under the patent venue statute, and (2) that the service neither accords with the requirements of the rules, nor suffices as due process.

■ The patent venue statute provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Both parties agree that the law has been settled by the United States Supreme Court, that this question of venue in patent actions is governed by the above statute, and not by the general venue provisions applicable to other kinds of actions. Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786. Since defendant corporation has its home office in Michigan, it does not reside in New Jersey. Therefore venue exists here only if (1) defendant has committed acts of infringement in New Jersey and also (2) it has a regular and established place of business in New Jersey.

■ The applicable provisions for service under such circumstances are to the effect that then "service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business." 28 U.S.C. § 1694.

The statute as to patent infringement provides:

" * * * whoever without authority makes, uses or sells any patented invention, within the United States, during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a).

Regardless of any contributory infringement, defendant admits that in its above New Jersey office, which has been established for several years, it continuously uses these transfer assemblies, literally by the thousands, in the regular course of the correspondence conducted there and through that office. Thus an infringement by use clearly exists.

As to the remaining venue requirement that defendant has "a regular and established place of business," we find again raised the oft litigated question as to when a corporation is "doing business," so as to make it amenable to process when its home office is elsewhere, plus the additional requirement that this business must be done at "a regular and established place." It is, of course, settled law as to both these questions that the conclusion depends on the facts. International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Dodd v. Rahway Valley, D.C.N.J.1957, 150 F.Supp. 599. Both sides also agree, as International Shoe shows, that, with the growth in the last quarter of a century in both the size and complexity of modern American business and its methods, the law has been compelled, for the protection of the public which is affected by such business, to look with a more liberal eye upon the facts which constitute "doing business" by a foreign corporation, so as to make such corporation amenable to process, issued at the instance of a member of the public who claims to have been injured by this artificial entity created by the law. In the very recent case of McGee v. International Life Insurance Company, 78 S.Ct. 199, 201, the United States Supreme Court says in that regard:

"Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents. In part this is attributable to the fundamental

transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity."

Defendant contends, however, that even this increasingly liberal viewpoint of the law does not suffice to bring this defendant within the District of New Jersey, or to justify the service of process as above. Accordingly, we turn to the facts, particularly with regard to those as to the activities of the defendant within New Jersey.

Defendant admits it does business, and sells the allegedly infringing device, all along the Atlantic seaboard. It also admits that the Ridgewood, New Jersey, office, continuously maintained for several years last past, is the only office it maintains for the use of its salesmen, who operate throughout this entire tier of some fifteen Atlantic states. At this office there constantly sit several stenographers who handle all the communications for defendant's three salesmen, whether by mail, wire or otherwise, with the bulk of the customers of defendant in this entire tier of states, as well as with defendant's home office in Michigan. This office also carries defendant's business samples, including those of the allegedly infringing product. That this office is an important adjunct of defendant's business is obvious. That it is a place of business is clear. That this place has been, and is still, established by defendant is also clear. That it is used by defendant regularly cannot be gainsaid. Each and all of the requirements laid down by the Congress, to fix venue in this Court, would thus seem clearly established.

The only additional point attempted to be made by the defendant on this venue question, is that none of these salesmen consummate sales, but only solicit the business, using this office as an aid in that regard. But it is quite clear that this solicitation is, and has been for years, successful, else defendant would hardly have maintained the office for years. And it should be noted that Congress has carefully refrained from saying that the business conducted at this regular and established place, is to be confined only to the consummation of contracts. While there are decisions in the past, under other statutes, which have indicated that mere solicitation is not "doing business" within the meaning of those other statutes, those decisions cannot be deemed a correct interpretation of the above patent venue statute, first, because they do not apply thereto, second, because they are out of step with the present development of the law as above alluded to. The present law in that regard has been laid down in a number of recent decisions by distinguished courts. Note in this regard Shelton v. Schwartz, 7 Cir., 1942, 131 F.2d 805, 809, where mere solicitation was held sufficient business, when done at "a regular and established place" to comply with the statute. See also Urquhart v. American LaFrance Foamite Corp., 1944, 79 U.S.App.D.C. 219, 144 F.2d 542; Ronson Art Metal Works v. Brown & Bigelow, D.C.S.D.N.Y.1951, 104 F.Supp. 716; Latini v. R. M. Dubin Corp., D.C.Ill. 1950, 90 F.Supp. 212; Hall Laboratories v. Millar Bros. & Co., D.C.E.D.Pa.1957, 152 F.Supp. 797.

Nor are the cases cited by defendant to the contrary. Either they represent the earlier, and now abandoned, view of the law, as seen above, or else their facts differ so substantially from those in the case at bar as to show the decision therein to be inapplicable. For instance, in Fruit Industries v. Metro Glass Bottle Co., D.C.N.J.1937, 18 F.Supp. 489, defendant had no place of business in New Jersey at all, let alone a regular and established one. In Partin v. Michaeis

Art Bronze Co., 3 Cir., 1953, 202 F.2d 541, the above patent venue statute is not involved at all, since the cause of action is one, not for patent infringement, but for libel, thus involving a state statute and state procedure, and in Pennsylvania, where the Legislature has indicated its intent to apply a strict rule of construction in that regard. See Dodd, supra. Defendant's reliance on W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 1914, 236 U.S. 723, 35 S.Ct. 458, 59 L. Ed. 808, is also misplaced. Not only was this case decided before the law had broadened its viewpoint in this regard, as above, but in that case the place of business involved was not maintained solely by the defendant, but by two different corporations. It is thus clear that plaintiff has brought himself within the terms of the above patent venue statute.

■ Turning to the question of the propriety of the service, we note that the above statute does not require that service be made upon an officer or a managing agent, as in the case of other similar statutes, but only that it be made upon the "agent or agents conducting such business." It may well be that the copyists in defendant's New Jersey office, who type out and copy the correspondence of the three salesmen who have their headquarters there, would not be considered such agents. But we can hardly reach the conclusion that no one conducts this place of business. Since defendant claims that each of the three salesmen who use this office is on a parity, the only possible result is that each one of them is an agent who conducts such business there. It therefore follows that the service was lawful.

The defendant's final claim is that service upon this salesman using this "regular and established place of business" deprives defendant of its property without due process of law. But, turning to International Shoe, we note that the court upheld service there as valid, in a situation where the presence of defendant within the jurisdiction was much less clear than here. In International Shoe, in addition to the mere solicitation of business, the only relevant factors were that these solicitors every once in a while hired a room in a hotel to show their samples. In McGee the Court says:

"Neither Empire Mutual nor respondent has ever had any offices or agents in California and so far as the record before us shows, respondent has never solicited or done any insurance business in California apart from the policy involved here."

The sole connection of the insurance company with California was that the contract sued on had been entered into in California. In this case we have, in addition to solicitation, the maintenance of a regular place of business, which is maintained every business day, and has been for years. If the service in International Shoe and McGee do not offend "traditional notions of fair play and substantial justice," ibid., 326 U.S. 316, 66 S.Ct. 158, obviously the facts here do not do so.

Perhaps it should be added that while defendant conducts a nationwide business, the only offices it maintains anywhere else in the United States than in Michigan are of exactly the same kind as that it maintains in New Jersey. Thus, if defendant is correct, it is suable only in Michigan by any person coming from any of the other 47 states of the Union, a result which this Court would hesitate to reach in justice to the public.

Defendant's motion will be denied. An order may be entered accordingly.