**SHERMAN PAPER PRODUCTS CORPORATION, Plaintiff,**

v.

**The SORG PAPER COMPANY, Defendant.**

**Civ. A. 16488.**

United States District Court
E. D. Michigan, S. D.
March 24, 1958.

Alfonse J. D'Amico, Barnes, Kisselle, Raisch & Choate, Detroit, Mich. (Goulston & Storrs, Boston, Mass., of counsel), for plaintiff.

John A. Blair, Harness, Dickey & Pierce, Detroit, Mich. (Albert E. Strasser, Allen & Allen, Cincinnati, Ohio, Guy H. Wells, Turner, Wells, Granzow & Spayd, Dayton, Ohio, of counsel), for defendant.

LEVIN, District Judge.

The defendant, The Sorg Paper Company, moves to dismiss this patent infringement action on the ground that the venue requirements of 28 U.S.C. § 1400 are not present. The pleadings and moving affidavits disclose the following facts pertinent to the motion.

The plaintiff, Sherman Paper Products Corporation, is organized under the laws of the State of Massachusetts and the defendant is an Ohio corporation, having its principal place of business in Middletown, Ohio. The defendant solicits orders in Michigan for its products through a manufacturer's agent, Protect-O-Pac Sales and Engineering Co., which orders are forwarded to defendant at Middletown for acceptance or rejection. Defendant's address and telephone number in the Detroit, Michigan telephone directory are the same as that given for its agent. Customer orders and service complaints are addressed to the defendant in Michigan. Small stocks of defendant's merchandise are maintained in its agent's office for the convenience of defendant's customers and sales have been made to them from this supply. Defendant has qualified to do business in Michigan and pays taxes to the State of Michigan, based upon that portion of its sales allocable to Michigan. Sales in Michigan for the last year reported prior to the institution of this action approximated $380,000.

Whether the motion to dismiss should be granted or denied involves a construction of 28 U.S.C. § 1400(b) titled, "Patents and copyrights." Subsection (b) of this section reads:

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

This statute is the sole and exclusive provision governing venue in patent infringement actions. Fourco Glass Company v. Transmirra Products Corporation, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed. 2d 786. The residence of the defendant is Ohio, the state of its incorporation. Therefore, venue is properly laid here only if the defendant has a regular and established place of business and has committed acts of infringement in this judicial district.

The determination as to when a corporation shall be deemed to have a regular and established place of business within a judicial district is not free of difficulty. See, Walker on Patents (Deller's) § 416 and § 879(c) for a compilation of cases expressing divergent views on this issue.

The fact that all sales were consummated in Ohio is not determinative. Shelton v. Schwartz, 7 Cir., 131 F.2d 805. See, also, Kerr v. Port Huron Sulphite & Paper Co., D.C., 157 F.Supp. 685; Ronson Art Metal Works v. Brown and Bigelow, Inc., D.C., 104 F.Supp. 716; Latini v. R. M. Dubin Corp., D.C., 90 F.Supp. 212.

Defendant stresses the fact that the Protect-O-Pac Sales and Engineering Co. was not its employee but an independent distributor. Technical distinctions should not obscure the practical effects of corporate activity. The nature of the employment relationship between it and its agent is not a significant difference upon which to base or deny venue. As the court said in Shelton v. Schwartz, 7 Cir., 131 F.2d 805, 809:

"Emphasis must be on the existence of the regular and established

place of business,—not on the nature or character of the business conducted there."

In Latini v. R. M. Dubin Corp., D.C., 90 F.Supp. 212, 213, 214, where the factual situation is similar to the case here, the court, in denying the motion to dismiss for lack of venue said:

"The tendency of the courts has been to prevent a corporation from interposing its corporate citizenship when its actions elsewhere are detrimental to others, and to require it to assume certain responsibilities in exchange for the privilege of obtaining a lucrative portion of its business from other areas."

I find that the defendant had a regular and established place of business in this judicial district.

I now turn to the question as to whether acts of infringement were committed here. The relevant statutory provision with respect to this question is 35 U.S.C. § 271, titled, "Infringement of a Patent," the pertinent part of which reads as follows:

"(a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the terms of the patent therefor, infringes the patent.

"(b) Whoever actively induces infringement of a patent shall be liable as an infringer."

An employee of defendant solicited business at various plants in this district for the accused merchandise. The affidavits reveal that defendant demonstrated such merchandise to its prospective customers in connection with the solicitation of orders, and that at least one plant purchased and used such merchandise. This satisfies the infringement test for venue.

The motion to dismiss is denied and an order accordingly may be submitted for signature.