**William J. McGAH, Trustee**

v.

**V–M CORPORATION and Newark Electric Company, a corporation.**

**No. 58 C 383.**

United States District Court
N. D. Illinois.

Oct. 8, 1958.

Robert L. Kahn, Max R. Kraus, Chicago, Ill., for plaintiff.

Brown, Jackson, Boettcher & Dienner, Chicago, Ill., for defendant V-M Corporation.

Prince & Schoenberg, Chicago, Ill., for defendant Newark Electric Co.

JULIUS J. HOFFMAN, District Judge.

This is an action for an alleged patent infringement. One of the defendants, V-M Corporation, has moved to dismiss the action on the following grounds: (1) the court has no jurisdiction over V-M, and (2) venue is improper. In support of the motion, V-M has filed two affidavits and two contracts. In opposition to the motion, plaintiff relies upon the same documents and upon certain listings in the Chicago classified telephone directory. Also in the file of this case is a deposition of the president of Newark Electric Company.

V-M is a Michigan corporation having its principal place of business in Benton Harbor and it is not licensed to do business in Illinois. Service of process on V-M was purportedly effected by serving summons on James J. Fitzsimmons who is president of Fitzsimmons Associates, Inc. (hereafter "Fitzsimmons"), an Illinois corporation which is a factory representative of or soliciting agent for V-M. The device in suit is a record changer manufactured by V-M. Although V-M sells record changers to Illinois customers, all sales are f. o. b. Benton Harbor, and V-M does not make, use or sell record changers in Illinois. The contract between Fitzsimmons and V-M grants to the former the right to "solicit orders for and negotiate for sale and distribution" of certain items manufactured by the latter. Fitzsimmons receives a commission for its efforts. In addition to the arrangement between Fitzsimmons and V-M, V-M has entered into contracts with several distributors in Chicago. These contracts specifically provide that the relationship between the parties is that of vendor and vendee and that the distributor is not a representative or agent of V-M. All sales to distributors are f. o. b. Benton Harbor.

James J. Fitzsimmons is not an officer, employee, managing or general agent of V-M; nor is he an agent authorized by appointment or by law to receive service of process for V-M. Pur-

suant to its contract with V-M, Fitzsimmons solicits orders and submits them to the defendant at Benton Harbor for acceptance or rejection. If the orders are accepted, the products are shipped to the purchaser f. o. b. Benton Harbor, and a commission is paid to Fitzsimmons. Although Fitzsimmons has the authority to "negotiate for sale", it does not have the authority to complete sales. None of the officers or stockholders of either corporation is an officer or stockholder of the other. None of Fitzsimmons' expenses is paid by V-M. Fitzsimmons makes no collections for V-M, and Fitzsimmons represents three other manufacturers in addition to V-M. V-M does not have display or sample rooms in Illinois, and it does not ship any goods into Illinois on consignment. The Chicago classified telephone directory for 1958 contains, under the heading "Phonograph Dealers", the name of V-M without any telephone number. This listing also includes the name and telephone number of Fitzsimmons as *"Factory Representative"*, and the names and telephone numbers of distributors, service organizations and dealers. It does not appear that V-M pays for this listing.

■ The burden is on the plaintiff to establish the existence of facts which support jurisdiction and venue. Phillips v. Baker, 9 Cir., 1941, 121 F.2d 752, certiorari denied, 1941, 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551; Haight v. Viking Pump Co. of Delaware, D.C.E.D. Wis.1939, 29 F.Supp. 575. Venue in patent cases is governed exclusively by 28 U.S.C. § 1400(b). Fourco Glass Co. v. Transmirra Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786. That section provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

V-M does not reside in this district. C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 1952, 194 F.2d 410, affirmed per curiam by an equally divided court, sub. nom. Cardox Corp. v. C-O-Two Fire Equipment Co., 1952, 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 695. Consequently, venue is improper unless V-M has a regular and established place of business in this district and has committed acts of infringement in this district.

Service of process in patent actions is governed by Rule 4(d) (3), Federal Rules of Civil Procedure, 28 U.S.C.A., and by 28 U.S.C. § 1694. Rule 4(d) (3) provides, in relevant part:

"Upon a * * * foreign corporation * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

28 U.S.C. § 1694 provides:

"In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting *such* business." (Emphasis added.)

On the facts, as revealed by the record, it is clear that Mr. Fitzsimmons is not within the purview of Rule 4(d) (3). Accordingly, service of summons on Mr. Fitzsimmons is ineffective to give the court jurisdiction over V-M unless Fitzsimmons' activities on behalf of V-M renders the Fitzsimmons establishment a "regular and established place of business" of V-M. Thus, a "regular and established place of business" is an element common to jurisdiction and to venue, and the principal question presented by the instant motion is whether V-M has a regular and established place of business in this district. For the reasons which follow, I am of the opinion that the plaintiff has failed to establish that V-M has such a place of business.

In support of his contention that V-M has a regular and established place

of business in this district, plaintiff asserts that the concept of "doing business" has been liberalized in recent years in favor of jurisdiction. Further, plaintiff argues that the decision of this court in Riverbank Laboratories v. Hardwood Products Corp., reversed 7 Cir., 1955, 220 F.2d 465, reversed 1956, 350 U.S. 1003, 76 S.Ct. 648, 100 L.Ed. 866, and the decision in Consolidated Cosmetics v. D-A Pub. Co., 7 Cir., 1951, 186 F.2d 906, establish that V-M has a regular and established place of business in this district. I do not agree with this argument. The question is not whether V-M is "doing business" in this district, but whether it has a "regular and established place of business." Phillips v. Baker, 9 Cir., 1941, 121 F.2d 752, 755, certiorari denied, 1941, 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551; Candas v. Agnini, D.C.S.D.N.Y.1936, 14 F.Supp. 21. Neither of the cases relied upon by the plaintiff is in point because neither involved an action for patent infringement, which action, as already noted, is governed by special statutes.

The plaintiff also relies upon Shelton v. Schwartz, 7 Cir., 1942, 131 F.2d 805, and Latini v. R. M. Dubin Corp., D.C. N.D.Ill.1950, 90 F.Supp. 212. In the Shelton case, the defendant, a New York corporation, maintained in Chicago *its own office* with salaried employees. The defendant's name was on the office door, on the index of tenants and in the telephone directory. The defendant paid the rent for its office and displayed its products in a show-case. The employees solicited orders but could not complete any sales. It was held that the defendant had a regular established place of business in Chicago. The facts of the Shelton case serve to distinguish it from the case at bar. However, the court, itself, limited the applicability of the Shelton case in Minnesota Mining & Mfg. Co. v. International Plastic Corp., 7 Cir., 1947, 159 F.2d 554. In the Minnesota case, the defendant, a New York corporation, was not authorized to do business in Illinois. However, it had an exclusive distributor in Chicago who purchased tape from the defendant for resale in Illinois. The distributor made no report of its sales to the defendant; there was no interlocking directorate or community of officers or stockholders; the distributor paid its own rent and other expenses; and it advertised itself in the telephone directory as defendant's sales agent. Defendant invoiced its distributor for the sale price, no consignments were made and defendant had no control over the distributor and no written contract with it. On this state of facts, the trial court determined that the defendant did not have a regular and established place of business in the forum district. On appeal the decision was affirmed, and it was held that the trial court's determination was supported by substantial evidence. In distinguishing its decision in the Shelton case, the court noted, at page 561:

"* * * The controverted question was not a factual one because the uncontroverted facts disclosed that two salaried employees of the defendant had charge of an office to solicit orders for it; their place of business was furnished and maintained by the defendant which also paid the rent therefor. The defendant's *only serious contention* was that inasmuch as these solicitors could not make sales but only solicited orders, the summons for the defendant could not be made upon them. This court there noted that the statute does not speak *of the kind of business which those in charge of the regular established place of business shall do*, and that in construing the statute, emphasis must be placed upon the *existence of the regular and established place of business rather than on the nature or character of it*. No such question is presented in the case at bar." (Emphasis added.)

Similarly, in the instant case, the question pertains to the existence of a regular and established place of business rather than to the nature or character of an admittedly regular and established

place of business. Consequently, the Shelton case is not in point. Plaintiff's reliance on Latini v. R. M. Dubin Corp., D.C.N.D.Ill.1950, 90 F.Supp. 212, is also misplaced. In the Latini case, the defendant, a California corporation, had a soliciting agent in Chicago who could not complete sales and who represented other manufacturers. The defendant advertised in the classified telephone directory and paid the agent's expenses for office rent and telephone. Relying on the Shelton case, the court held that the defendant had a regular and established place of business in Chicago. The opinion does not mention the Minnesota case, and it is quite possible that the court placed too much reliance on the Shelton case. Even so, the Latini case is distinguishable from the instant case because in the Latini case, the defendant, by paying the agent's expenses, did in substance, if not in form, maintain its own office in Chicago. The facts of the instant case are substantially different. Not cited by the plaintiff but also relevant and distinguishable on its facts is Sherman Paper Products Corp. v. Sorg Paper Co., D.C.E.D.Mich.1958, 161 F. Supp. 44 (Defendant, an Ohio corporation, had a manufacturer's agent in Detroit who solicited orders but could not complete sales; defendant listed itself in telephone directory; orders and complaints were addressed to defendant in Michigan; defendant maintained small stocks of merchandise in Michigan, and sales were made from these stocks; defendant had qualified to do business in Michigan and paid state tax on that portion of its sales allocable to Michigan; yearly Michigan sales totalled $380,000; *held*, defendant had a regular and established place of business in Michigan).

In support of its motion, V-M relies upon the Minnesota case, previously discussed, and on Tyler Co. v. Ludlow-Saylor Wire Co., 1915, 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808. In the Tyler case, the defendant, a Missouri corporation, was represented in New York by a sales agent who also represented other manufacturers. The representative was paid a salary plus commission and travelling expenses. The defendant paid part of the representative's office expenses. The representative had authority to solicit orders but not to complete sales. It was held that the evidence was insufficient to establish the existence of a regular and established place of business in New York. Defendant V-M also relies upon Endrezze v. Dorr Co., 9 Cir., 1938, 97 F. 2d 46. The facts of this case closely parallel the facts in Shelton v. Schwartz, supra, and it is to be doubted whether the Endrezze case should be followed in this circuit.

Not cited by V-M, but also supporting its motion, is Kamkap, Inc., v. Worldsbest Industries, Inc., D.C.S.D.N.Y. 1956, 140 F.Supp. 854 (Defendant, a Wisconsin corporation, had a New York representative who solicited orders but could not complete sales; representative received only a commission and made no collections; defendant did not contribute to office expenses; defendant was not qualified to do business in New York; defendant had no bank account or warehouse in the forum district; defendant's name was in the local telephone directory and on the representative's office door along with the names of other manufacturers; the representative displayed some of the defendant's products; *held*, the defendant did not have a regular and established place of business in New York).

■ The cases discussed above do not attempt to set forth any all inclusive test for determining the existence of a regular and established place of business. However, by comparing their facts and results, it may be concluded that the relationship of manufacturer and soliciting agent, without more (*e. g.*, payment of office expenses, maintaining stocks of merchandise in the forum district, consummated sales in the forum district), does not render the business of the solicitor a "regular and established place of business" of the manufacturer. In the case at bar, the facts disclose only the bare relationship of manufacturer and soliciting agent.

667

Plaintiff also asserts, without citation of authorities, that V-M waived its objection to venue by appearing at a deposition hearing and cross-examining the deponent (president of the co-defendant) on matters unrelated to venue. There is no merit to this contention. Counsel for V-M were compelled to attend the hearing to preserve the rights of V-M. The hearing was held at the request of plaintiff's counsel. The appearance and cross-examination do not constitute a waiver of the objection to improper venue. Blank v. Bitker, 7 Cir., 1943, 135 F.2d 962; Heiss v. Nielsen, D.C.D.Neb.1955, 132 F.Supp. 541.

I conclude that V-M does not have a regular and established place of business in this district within the meaning of applicable statutes, and that the action must be dismissed as to it. This conclusion renders it unnecessary to consider the additional argument of V-M that it did not commit any act of infringement in this district.