**Karl E. STIEGELE and Speidel Corporation, Plaintiffs,**

**v.**

**JACQUES KREISLER MANUFACTURING CORPORATION, Defendant.**

United States District Court
S. D. New York.

Sept. 19, 1962.

Harry R. Pugh, Jr., Fish, Richardson & Neave, New York City, Robert L. Thompson, Dike, Thompson, Bronstein & Mrose, Boston, Mass., of counsel, for plaintiffs.

Shenier & O'Connor, New York City, for defendant.

LEVET, District Judge.

Defendant moves to dismiss this action for patent infringement alleging that venue is improperly laid in this district.

Venue in patent infringement actions is determined solely by Title 28 U.S.C. § 1400(b). Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). The provisions of venue for a non-resident corporation are that the alleged corporate infringer have both (1) a regular and established place of business and (2) have committed an act of infringement in the district. Since the statute is in the conjunctive, both elements must be present before venue is properly laid.

The facts here are all too familiar in patent litigation. A non-resident corporation maintains an office in this district for the solicitation of orders which are accepted at its out-of-state home office. When sued for patent infringement in this district, it seeks to interpose its foreign birth as a shield to suit here.

Specifically, defendant is a New Jersey corporation which has maintained an office in this district for twenty years. Presently, that office is at 630 Fifth Avenue. The lease for the office is signed by the Vice-President of the defendant and the rent paid by the corporation. The salary of the office's lone employee is paid by the corporation. The corporation is listed by its corporate name in the tenant's directory in the building and the New York telephone directory lists the corporation's address as that of its Fifth Avenue office. The defendant is listed by its New York address in the Jewelers' Buyers Guide, a trade publication. The business cards of the salesmen and the employee in charge of the office list the New York address.

The office consists of a foyer and two rooms, one of which is a showroom displaying the defendant's products. The showroom contains samples of defendant's products on display, together with order forms and advertising literature. The office is staffed by a sole employee, a sales lady, whose duties are limited to the demonstration of the defendant's products and solicitation of orders. She is powerless to accept the orders or in any other way to consummate the sale, since such authority lies solely with the defendant's main office in New Jersey. Defendant's three salesmen have keys to the office and use the office to receive telephone messages. One of the salesmen comes into the office almost every morning and very frequently stores his salesman samples there overnight. When the factory in New Jersey desires to contact a New York salesman, they telephone the New York showroom and leave word for the salesman to call the factory. In addition, the New York salesmen use the office to pick up telephone messages from customers, to telephone the factory and customers, to demonstrate watch bands and other products to customers, to write orders and to mail orders to the factory. An export salesman also uses the office to show samples to buyers who come from outside the country.

The office also occasionally receives the products of the defendant which are returned for servicing or repair. These are forwarded to the factory in New Jersey for the actual servicing and repair. Some mail orders come to the New York office from customers. No stock is kept at the New York office, nor are there any collections of money or the payment of any bills.

Defendant contends that on these facts it has neither a regular and established place of business in this district nor has it committed an act of infringement here. In support of this, it states that it neither manufactures, uses nor sells at its New York office. The only activity of which it admits is the solicitation of orders which are accepted in New Jersey.

■ However, neither the quality of the business done nor the fact that the sale is consummated in another state are determinative of the issue of proper venue. Sherman Paper Products Corp. v. Sorg Paper Co., 161 F.Supp. 44 (D.C. E.D.Mich.1958). As was stated in Shelton v. Schwartz, 131 F.2d 805, 808 (7 Cir. 1942), a case almost on all fours:

" * * * A foreign corporation may have a regular and established place of business, although the business therein is merely securing orders and forwarding them to the home office of the non-resident corporation. To hold otherwise would be contrary to the factual information which is possessed by all and which must be attributed to Congress."

Thus, mere solicitation is sufficient business to qualify under the venue statute when done at a regular and established place. Kerr v. Port Huron Sulphite & Paper Co., 157 F.Supp. 685 (D. C.D.N.J.1957). See also, Urquhart v. American-La France Foamite Corp., 79 U.S.App.D.C. 219, 144 F.2d 542 (D.C. Cir.), cert. denied 323 U.S. 783, 65 S. Ct. 273, 89 L.Ed. 625 (1944); Federal Electric Products Co. v. Frank Adam Electric Co., 100 F.Supp. 8 (D.C.S.D.N. Y.1951); Latini v. R. M. Dubin Corp., 90 F.Supp. 212 (D.C.N.D.Ill.1950).

■ Accordingly, I find that the defendant has a regular and established place of business in this district.

■■ There remains the question as to whether the defendant has committed an act of infringement in this district. Infringement occurs when one not authorized by the patentee either makes, uses or sells any patented invention. 35

U.S.C. § 271. When venue is challenged, the test used to determine whether an act of infringement occurred within the district is less strict than that used when the case is tried on the merits. As was stated in Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., 104 F. Supp. 716, 725 (D.C.S.D.N.Y.1952):

" * * * The purpose of Congress in using the test 'acts of infringement' is no different from its purpose in using 'doing business', viz. as a basis for the exercise of *in personam* judicial jurisdiction and not for purposes of the substantive internal law of patents. Certainly it cannot be asserted that Congress intended that 'acts of infringement' as a jurisdictional requirement be met with the same sufficiency as acts of infringement for determination of such issues of fact on the merits at trial. If Congress did, then a disposition of the jurisdictional question would also be one on the merits whenever jurisdiction was sustained."

Thus narrowed, the question becomes whether an act of infringement occurs in a district in which the defendant's activities consist of the solicitation of sales, the exhibition and demonstration of the product in a continuous and systematic manner, but where the conduct falls short of a consummated sale.

■ I find that it does. Where the defendant has pursued a course of continuous and systematic exhibition and demonstration of the product in this district, this, coupled with the systematic and continuous soliciting of orders within the district, suffice as acts of infringement for the purposes of providing a basis for venue under 28 U.S.C. § 1400(b). Ronson Art Metal Works, Inc. v. Brown & Bigelow, supra; Sherman Paper Products Corp. v. Sorg Paper Co., supra; Patent Tube Corp. v. Bristol Myers Co., 25 F.Supp. 776 (D.C. S.D.N.Y.1938).

While it may appear that this decision on its face is in direct conflict with that of Judge Metzner in Jacoby-Bender, Inc.

v. Jacques Kreisler Manuf. Corp., D.C. S.D.N.Y., 61 Civ. 3965, Mar. 23, 1962, 133 U.S.P.Q. 151, a recent case involving the same defendant, a closer examination will reveal that it is not. The basis of Judge Metzner's holding that venue was improper is that the plaintiff failed to carry its burden of proof with respect to the activities of the defendant in this district.

Prior to a decision on this motion the plaintiff was granted permission to take the deposition of the defendant in order to ascertain additional facts upon which to premise venue. The record before me was, accordingly, more complete as to the activities of the defendant in this district. The findings set forth above are based on this expanded record.

Since the defendant has both a regular and established place of business and has committed acts of infringement in this district, venue is properly laid in this district. Accordingly, the defendant's motion to dismiss must be denied. So ordered.