Jerome H. LEMELSON, Plaintiff,

v.

A. J. RENZI PLASTICS CORPORA-
TION, Defendant.

No. 63–C–509.

United States District Court
E. D. New York.

Oct. 31, 1963.

Auslander & Thomas, New York City, by Arthur T. Fattibene, New York City, of counsel, for plaintiff.

Nolte & Nolte, New York City, by Edward B. Hunter, New York City, of counsel, for defendant.

RAYFIEL, District Judge.

This is a motion under Rule 12(b) (3) of the Federal Rules of Civil Procedure to dismiss the complaint herein because of improper venue.

The defendant, a non-resident corporation, contends that it neither has a regular and established place of business in this District, nor has it committed an act of infringement here, *both* of which

are required by Section 1400(b) of Title 28, U.S.C. in order to give this Court jurisdiction.

The defendant admits that it pays the rent for an office located at 200 Fifth Avenue, Manhattan, in the *Southern* District of New York, which is occupied by one Seymour Weinstein, who, it claims, is an independent sales representative who handles other lines of merchandise in addition to the defendant's. It denies that it has *any* office for the transaction of *any* business in the District.

The plaintiff, on the other hand, contends that the said Seymour Weinstein resides at 120 East 19th Street, in the Borough of Brooklyn, in this District, and conducts the defendant's business from that address. He further asserts that the said Weinstein is the "National Sales Director" of the defendant, and has attached to his memorandum in opposition to this motion a photocopy of a business card which designates him by that title. This business card also contains the 200 Fifth Avenue address and two telephone numbers; one, WA 4–4850, which is listed in the New York City Telephone Directory for Manhattan as that of the defendant, and the other, IN 2–2195, which is listed in the Brooklyn Telephone Directory under the name of Seymour Weinstein at 120 East 19th Street. The said business card, which was removed from the door of the Manhattan office after it was closed, has the words "PLEASE CALL", and an arrow pointing to the telephone number IN 2–2195, which the plaintiff claims is indicative of the fact that the defendant's business is conducted from that address. He has also submitted the affidavit of one George W. Baldwin, described therein as a toy buyer for F. W. Woolworth & Co., who alleges that he has purchased toys made by the defendant through Mr. Weinstein, to whom he has spoken on the telephone concerning the defendant's business at the Brooklyn number, and to whom he has addressed correspondence for the defendant at the Brooklyn address.

The plaintiff relies heavily on two cases, Stiegele v. Jacques Kreisler Manufacturing Corp., D.C., 213 F.Supp. 494, and Shelton v. Schwartz, 7 Cir., 131 F.2d 805, both of which hold that the maintenance by a non-resident corporation of an office where it exhibited and demonstrated its products and solicited sales was "a regular and established place of business" to sustain venue for a patent infringement action against the corporation in the district where the office is located.

It is my opinion, however, that the case at bar does not come within the purview of those cases. Here, the office maintained by the defendant non-resident corporation is located in the *Southern* District of New York. Its telephone is listed under the defendant's name in the *Manhattan* telephone directory in that District. Concededly the defendant's representative *lives* in the Eastern District and he may have received telephone calls and correspondence for the defendant at times when the Manhattan office was closed. The defendant is not listed in the Brooklyn Telephone Directory, nor does its name appear anywhere at Weinstein's home. All of these occurrences are incidental to the operation of the defendant's office in Manhattan. I find, therefore, that this action was improperly brought in this District since the defendant has "no regular and established place of business" here. I find, however, that it has a "regular and established place of business" in the Southern District of New York, and it appears that it may have committed an act of infringement there. Accordingly, pursuant to Section 1406(a) of Title 28 U.S.C., and in the interest of justice, I direct that this action be transferred to the United States District Court for the Southern District of New York, where it could have been brought.

Settle order on notice.