Jacob M. GWYNNE

v.

**MICHAEL FLYNN MANUFACTURING CO.**

United States District Court
S. D. New York.

Jan. 15, 1964.

Irving Seidman, New York City, for plaintiff.

Henry L. Burkitt, New York City, and Caesar & Rivise, Philadelphia, Pa., for defendant.

RYAN, Chief Judge.

Plaintiff, a citizen of New Jersey, has filed this suit alleging patent infringement by defendant, a Pennsylvania corporation. Defendant moves to transfer to the Eastern District of Pennsylvania.

358

Defendant asserts that it never manufactured nor sold the alleged infringing device in the Southern District of New York. Defendant alleges that all sales are made from its Philadelphia office and that, when it ships goods to New York to fill orders placed through its Philadelphia office, it does so from plants outside of New York.

■ This suit is maintainable in this District only if the defendant has a regular and established place of business here and committed an act of infringement here, 28 U.S.C.A. § 1400(b); Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed. 2d 786. Plaintiff has the burden to show jurisdiction in this District. Rava v. Westinghouse Electric Corp., D.C., 90 F. Supp. 707; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951. Defendant denies both having a "regular and established" place of business in the Southern District of New York and committing any act of infringement here.

■ A patent may be infringed by sale, as well as manufacture or use, 35 U.S.C. § 271; Rava v. Westinghouse Electric Corp., supra. Plaintiff claims that sales were made in this District and that the mere solicitation of such sales constitutes an act of infringement, Stiegele v. Jacques Kreisler Manufacturing Corp., D.C., 213 F.Supp. 494:

"Where the defendant has pursued a course of continuous and systematic exhibition and demonstration of the product in this district, this, coupled with the systematic and continuous soliciting of orders within the district, suffice as acts of infringement for the purposes of providing a basis for venue under 28 U.S.C. § 1400 (b)." (213 F.Supp. 496)

It appears that defendant maintains an office in this District for "certain purposes". The office staff consists of two women who answer telephones and perform usual clerical services. The defendant also has five "consultants" operating out of this office who supply contractors with cost estimates and technical information from the Philadelphia office on the basis of problems arising in the contractors' businesses. Orders for the defendant's products are accepted only in Philadelphia. These "consultants" are paid a commission on the orders accepted. The affidavit of Nelson Osborn, an Assistant Treasurer of the defendant, states that the New York employees solicit orders on the defendant's behalf. The defendant also kept physical specimens and catalogues at the New York Office.

■■ We find that, upon these undisputed facts, acts of infringement may have been committed in this District, if the accused device does in fact infringe, particularly in view of the fact that the term should not be narrowed or limited in its construction, Shelton v. Schwartz et al., 7 Cir., 131 F.2d 805. The requirements of 28 U.S.C. § 1400(b) have been met and plaintiff has established jurisdiction and proper venue in this District. Transfer should not be ordered under the doctrine of "forum non conveniens."

Motion denied; so ordered.