MID–CONTINENT METAL PRODUCTS CO., Plaintiff-Appellant,

v.

MAXON PREMIX BURNER COMPANY, Inc., Defendant-Appellee.

No. 15617.

United States Court of Appeals Seventh Circuit.

Oct. 25, 1966.

Dennis B. Haase, Thomas F. McWilliams, Chicago, Ill., for appellant.

James P. Hume, Granger Cook, Jr., Hume, Groen, Clement & Hume, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and FAIRCHILD, Circuit Judges.

HASTINGS, Chief Judge.

Mid-Continent Metal Products Co. has appealed from a judgment of the district court dismissing, for want of venue, its amended complaint charging Maxon Premix Burner Company, Inc., with infringement of its United States Letters Patent No. 3,186,697, issued June 1, 1965 and entitled "Gas Fired Heater".

The affidavit of Lowell F. Crouse, a vice-president of Maxon, Maxon's answers to interrogatories and the deposition of Roy Sundling, manager of Maxon Premix Burner Sales and Service, disclose that Maxon is an Indiana corporation having its principal place of business and all of its manufacturing activities in Muncie, Indiana, which is not in the district of suit, the Northern District of Illinois. In Chicago, Illinois, however, which is within the district of suit, Maxon owns and operates a local office, Maxon Premix Burner Sales and Service.

While Maxon's Chicago office has solicited orders for the accused burners, Maxon *has never displayed or demonstrated the accused burners in the district.* Demonstrations of the accused burners are offered, but all are made in Muncie, Indiana. Since the issuance of the patent in suit, Maxon's Chicago office has not made arrangements for demonstrating the accused burners, either in or outside the district of suit.

All orders for Maxon's products solicited in the district of suit are forwarded to Maxon's Muncie office for acceptance or refusal. If the offer is accepted, Maxon ships the product directly to the customer, and title passes to the customer when the product, in this case, the accused burner, has been delivered to the carrier in Muncie. The customer is billed directly by the Muncie office.

In addition to soliciting orders for the accused burners, it appears that Maxon's Chicago office provides consultation and some service functions for them. At least one accused burner installation exists and is operated within the district of suit.

The deposition reveals that Maxon sends sales literature from Muncie to present and prospective customers. Sales literature describing the accused burner was mailed from Muncie on May 29, 1964, over a year prior to the grant of the patent in suit. There apparently has been no active solicitation from the Chicago office for a long period of time; virtually all business came from calls to the office from prospective buyers.

Venue in patent infringement actions is controlled solely by 28 U.S.C.A. § 1400 (b), Fourco Glass Co. v. Transmirra

Corp., 353 U.S. 222, 229, 77 S.Ct. 787, 788, 1 L.Ed.2d 786 (1957), which reads:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Maxon does not reside within the district of suit, but it has admitted that it has a regular and established place of business in the district. Under the venue statute, therefore, venue will lie if Maxon can be considered to have committed acts of infringement in the district of suit.

Under 35 U.S.C.A. § 271(a), the manufacture, use, or sale of a patented invention without authority constitutes infringement of the patent. Maxon does not manufacture or use the accused burner within the district of suit; consequently, the only question we must decide is whether Maxon's activities in the district of suit constitute, for venue purposes, an act of infringement through *sale* of the accused burner.

Mid-Continent, citing this court's opinion, Union Asbestos & Rubber Company v. Evans Products Company, 7 Cir., 328 F.2d 949 (1964), contends that the test for acts of infringement under the venue statute is not as stringent as that required to sustain judgment under 35 U.S.C.A. § 271 for patent infringement. It further contends that arrangements within the district of suit for demonstrations of the accused burners outside of the district, together with solicitation, amount to an act of infringement for venue purposes.

Unlike the instant case, in *Union Asbestos* prospective buyers were taken to a demonstration of the accused device within the district of suit, and the solicitation involved was described as "sys-

tematic and continuous." This court did say:

"* * * technicalities of sales law should not control whether defendant's degree of conduct within the district was sufficient to constitute 'acts of infringement' for venue purposes." *Union Asbestos*, supra, at 952.

But, it was further stated and held that:

"* * * two demonstrations of the accused device, added to the systematic and continuous solicitation of orders within the district, constitute, for venue purposes, a sufficient degree of selling to amount to 'infringing sales.'

"We do not reach plaintiff's 'broader proposition' that mere solicitation as part of a systematic and continuous sales effort is sufficient for venue purposes." *Union Asbestos*, supra, at 952.

Having in mind the limitation that patent venue provisions are not to be construed liberally. Schnell v. Peter Eckrich & Sons, 365 U.S. 260, 264, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961), we hold that "arrangements for demonstration" outside the district of suit, at the place of manufacture, none of which were made after the issuance of the patent in suit, and such limited and modest solicitation and sales effort as occurred in this case, do not amount to a sale or a sufficient degree of selling to constitute an act of infringement under the venue statute.

We find no merit in Mid-Continent's further contention, which was not charged in its complaint or amended complaint, that Maxon's activities amounted to active inducement of infringement and that thereby the venue statute is satisfied.

The judgment of the district court dismissing the amended complaint is affirmed.

Affirmed.