**T. P. LABORATORIES, INC.,**
**Plaintiff-Appellant,**

v.

**ORMCO CORPORATION, Defendant-Appellee.**

**No. 16364.**

United States Court of Appeals
Seventh Circuit.

Feb. 12, 1968.

———♦———

Lloyd L. Zickert, Chicago, Ill., for appellant.

George E. Bullwinkel, Chicago, Ill., Warren T. Jessup, Sherman Oaks, Cal., of counsel, for appellee.

Before HASTINGS, Chief Judge, KNOCH, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

KNOCH, Senior Circuit Judge.

The plaintiff-appellant, T. P. Laboratories, Inc., brought its action in the United States District Court for the Northern District of Illinois, Eastern Division, alleging infringement by the defendant-appellee, Ormco Corporation, of plaintiff's U. S. Letters Patent 3,085,336 Orthodontic Appliance, an orthodontic lock pin for use with an orthodontic bracket to secure an arch wire to a tooth band in the process of straightening teeth.

The District Court granted the defendant's motion to dismiss the complaint for failure to satisfy the venue requirements of Title 28, U.S.Code, § 1400(b) [1] and this appeal followed.

The plaintiff asserted and the defendant denied that the defendant had a regular and established place of business in the City of Chicago within the judicial district where suit was filed. The District Court found in favor of the plaintiff on this point. We, however, do not reach that issue as we agree with the District Court that, on the undisputed facts, the defendant has committed no acts of infringement in that judicial district.

The defendant's sole manufacturing plant is in Glendora, California. It has regional sales offices including an office in Chicago. All orders are accepted and filled in Glendora, California. Traveling salesmen usually bypass the Chicago office and send orders directly to the Glendora plant. No sales of the accused lock pins have ever been made in Illinois. Two orders for the pins from out of the state did reach the Chicago office, only one of which (for about $8.00) was filled, directly from California. No samples of the accused pin were ever kept in the Chicago office. No samples were carried by defendant's salesmen who called on customers in the Northern District of Illinois, nor have sales solicitation, physical demonstration or discussion of the accused pins occurred in the Northern District of Illinois.

The plaintiff contends that demonstration has occurred because of the illustration of the accused pin in defendant's

1. § 1400. Patents and copyrights
(a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.
(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. June 25, 1948, c. 646, 62 Stat. 936.

catalog which is displayed in its Chicago office, distributed to orthodontists throughout Illinois and which illustrates the use of the accused pin as follows:

**CRONIN DEPOSITION EXHIBIT 2**
**12/16/66**

# ormco light wire bracket

**ORMCO LIGHT WIRE LOCK PINS — SAFETY**

**Designed to fit ORMCO's light wire-bracket.**

**Eliminates any possibility of arch wire impingement.**

45-103 ORMCO safety lock pin, brass.
45-10S ORMCO safety lock pin, stainless
     steel

**$15.00 per pack of 1000**

**ORMCO LIGHT WIRE LOCK PINS —**
**STANDARD**

**Designed to fit ORMCO's light wire bracket.**

45-9 ORMCO standard lock pin, brass
45-9 ORMCO standard lock pin, stainless
     steel

**$15.00 per pack of 1000**

CRONIN DEPOSITION EXHIBIT 3
12/16/66

# delta light wire bracket

### DELTA LIGHT WIRE LOCK PIN

Designed to fit Delta light wire bracket.

45-30B Delta light wire lock pin, brass
45-30S Delta light wire lock pin, stainless steel

Packaged in lots of 1000

$15.00 per pack

---

### ORMCO LIGHT WIRE LOCK PINS — SAFETY

45-10B ORMCO safety lock pin, brass
45-10S ORMCO safety lock pin, stainless steel

Packaged in lots of 1000

$15.00 per pack

Plaintiff argues that these catalog illustrations demonstrate the pin in substantially the same way as plaintiff's own patent drawings, as follows:

Patent #3,085,336

April 16, 1963     P. C. KESLING     3,085,336

ORTHODONTIC APPLIANCE

Filed Nov. 16, 1961          2 Sheets-Sheet 1

INVENTOR:
PETER C. KESLING
BY
Marzall, Johnston, Cook & Root
ATT'YS

Filed Nov. 16, 1961                    2 Sheets-Sheet 2

FIG. 9

FIG. 10

FIG. 11

FIG. 14

FIG. 12

FIG. 15

FIG. 13

INVENTOR:
PETER C. KESLING
BY
Mareall, Johnston, Cook & Root
ATT'YS

The plaintiff's view is that the defendant has committed acts of infringement in the judicial district by display of the catalog illustrating the infringing device at the office which serves as a base for its two traveling salesmen and its office secretary; by illustration of the accused pin, alone and in its useful environment

in the catalog making it easily understood by those skilled in the art; and by distribution of the catalog to orthodontists.

The Court has carefully studied the cases on which plaintiff relies to support its contention that showing of a completed sale is not necessary under the less stringent tests used to determine whether, for venue purposes only, the defendant's actions constituted acts of infringement in the judicial district.

In Union Asbestos & Rubber Co. v. Evans Products Co., 7 Cir., 1964, 328 F. 2d 949, there were not only systematic and continuous solicitation of orders within the district but two physical demonstrations of the accused device for purposes of selling it. The Court did not reach the proposition that mere solicitation as part of a systematic and continuous sales effort was sufficient for venue purposes.

From the opinion in Latini v. R. M. Dubin Corp., N.D.Ill., 1950, 90 F.Supp. 212, it appears that the defendant had maintained a booth at an exposition in Chicago where the alleged infringing machine was displayed and at least one order was accepted by the defendant's president who was attending the exposition although delivery of the machine was never made.

Gwynne v. Michael Flynn Mfg. Co., S.D.N.Y., 1964, 227 F.Supp. 357, involved maintenance of physical specimens at the local office in addition to catalogs. In Stiegele v. Jacques Kreisler Mfg. Corp., S.D.N.Y., 1962, 213 F.Supp. 494, the Court speaks of a course of continuous and systematic exhibition and demonstration of the product.

In Gould v. The Cornelius Company, N.D.Okla., 1966, 258 F.Supp. 701, 704, the Court notes that the salesman in Oklahoma carried a model or sample for demonstration purposes and that he assisted customers in the service of equipment previously sold.

In discussing the doctrine of de minimis, to which the defendant refers, the plaintiff cited Neff Instrument Corp. v. Cohu Electronics, Inc., 9 Cir., 1959, 269 F.2d 668. That case was dismissed in the District Court by summary judgment on the ground that all the alleged infringing devices were manufactured or sold for the United States government and that the plaintiff's sole remedy was against the United States in the Court of Claims. On appeal, the Ninth Circuit found several disputed issues of material fact concerning sales for non-governmental use. In view of errors of fact conclusively established in the original affidavits of defendant's officers and an error in the second affidavit of one of those officers, the Court of Appeals saw a lax application of the de minimis rule where instead of the 100% government sale originally asserted, subsequently corrected to 32 out of 33 machines, there appeared in fact to be manufacture and offer for sale to the general public at least 10 and possibly 14 out of 42, or non-governmental sales, amounting to amount 25% rather than 3%.

In Watsco, Inc. v. Henry Valve Co., S.D.N.Y., 1964, 232 F.Supp. 38, there were allegations that "considerable quantities" of the allegedly infringing valves were distributed as samples by the defendant's New York office. The defendant denied commission of acts of infringement on the ground that it sold only what corresponded to a single component of the patented article. The Court speaks of chipping away the shaky foundation of the moribund doctrine of the completed sale through holdings that such completed sale within the district is not required where there has been continuous solicitation of orders in addition to exhibitions, demonstrations or the physical presence of the product within the district.

In the case before us the allegations fall short of that standard. We cannot agree with the plaintiff that the catalog pictures constitute a demonstration to meet the requirement that acts of infringement occur within the judicial district.

The judgment of the District Court is affirmed.

Affirmed.