AIR FACTORS, INC., a corporation,
Plaintiff,

v.

TEMPMASTER CORPORATION and Edward Filkins, Inc., corporations,
Defendants.

No. 73-C-169.

United States District Court,
E. D. Wisconsin.

Aug. 9, 1973.

Michael, Best & Friedrich by Joseph A. Gemignani and Glenn A. Buse, Milwaukee, Wis., for plaintiff.

Quarles, Herriott, Clemons, Teschner & Noelke by Arthur H. Seidel, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a suit for patent infringement. The plaintiff, Air Factors, Inc., alleges that the defendant Tempmaster Corporation (Tempmaster), a Missouri corporation, manufactures the infringing device. The plaintiff also charges that the defendant Edward Filkins, Inc. (Filkins), which has a regular and established place of business in Milwaukee, sells the infringing device in the eastern district of Wisconsin.

The plaintiff contends that Filkins is a "regular and established place of business" for the defendant Tempmaster. Tempmaster has moved for an order dismissing this action as against itself for improper venue. The parties' positions have been fully briefed. I conclude that venue as to Tempmaster in this district is improper and that its motion to dismiss should be granted.

Venue in a patent infringement action is governed by 28 U.S.C. § 1400(b). This section reads as follows:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

■ Residence is defined as the state of incorporation. See Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Since Tempmaster is incorporated in Missouri, venue in this district must be predicated on the second clause of § 1400(b), rather than the first. The determinative issues, therefore, are whether Tempmaster has a "regular and established place of business" in this district and also whether any of the alleged acts of infringement appear to have been committed here.

I.

■ The requirement that a corporation have a "regular and established place of business" in the district has received a somewhat narrow and limited interpretation. Mid-Continent Metal Products Co. v. Maxon Premix Burner Co., 367 F.2d 818 (7th Cir. 1966). Something more than "doing business" is required. See Knapp-Monarch Co. v. Casco Products Corp., 342 F.2d 622 (7th Cir. 1965).

■ The plaintiff contends that the following facts, contained in the affidavits and depositions submitted by the parties, show that Filkins is a "regular and established place of business" of Tempmaster within this district insofar as: (1) it is the exclusive wholesaler or distributor of Tempmaster products in this district; (2) as a "sales" enterprise, Filkins inventories or warehouses no Tempmaster (or other) products; (3) Tempmaster maintains control over Filkins to the extent that it has reserved the right to terminate their relationship; (4) Filkins solicits sales of Tempmaster products within this district and sends a purchase order to Tempmaster, which ships the products directly to the consumer, who in turn, pays Filkins; (5) Filkins has available catalogs and literature which display the Tempmaster name; (6) Tempmaster has extended to Filkins a line of credit; and (7) the product lines of the several companies, other than Tempmaster, which Filkins represents are complementary, not competitive.

Tempmaster has countered with the following observations: (1) Filkins is in the business of selling air distribution equipment as a completed package or "system". No one of the six or more companies supplying it manufactures all of the equipment necessary for a complete system, and therefore Filkins purchases from these separate and independent companies only that equipment

necessary to complete each system; (2) the percentage of Filkins' total sales attributable to Tempmaster products is only 5%; (3) Filkins receives no commission or fee for sales of Tempmaster products; rather, it buys the items it needs at a base price set by Tempmaster and resells them at whatever price it determines; (4) Filkins has no power to accept sales on behalf of, or to otherwise bind, Tempmaster; and (5) Filkins maintains its own offices, pays for catalogs and literature supplied by Tempmaster, and it bears the risk of loss as to Tempmaster products in its possession.

The plaintiff's contention that Filkins is Tempmaster's "alter ego" must fail. This is hardly the situation presented in Leach Co. v. General Sani-Can Mfg. Corp., 393 F.2d 183 (7th Cir. 1968).

The seventh circuit court of appeals has considered § 1400(b) on several occasions. These decisions persuade me that none of the facts recited by the plaintiff justifies a finding that Filkins is a "regular and established place of business" of Tempmaster in this district. See Grantham v. Challenge-Cook Bros., Inc., 420 F.2d 1182 (7th Cir. 1969); University of Illinois Foundation v. Channel Master Corp., 382 F.2d 514, 515 (7th Cir. 1967); Coulter Electronics, Inc. v. A. B. Lars Ljungberg & Co., 376 F.2d 743, 744–745 (7th Cir. 1967); Knapp-Monarch Co. v. Dominion Electric Corp., 365 F.2d 175, 177 (7th Cir. 1966); Knapp-Monarch Co. v. Casco Products Corp., 342 F.2d 622 (7th Cir. 1965); and Minnesota Mining & Mfg. Co. v. International Plastic Corp., 159 F.2d 554, 561 (7th Cir. 1947).

In these cases, venue was found improper even though the defendants' activities in the district included one or more of the following: Maintaining an exclusive distributorship; establishing and maintaining some control over a chain of exclusive, independent distributors; maintaining an independent business man as a sales representative on a commission basis; periodic visits by high-ranking executives to large customers to discuss sales; maintaining authorized warranty service, including repair and replacement of defective products; occasional rental of business space; and maintaining telephone or other listings. Even though these factors would not support venue, most of them are not even arguably present in the case at bar.

## II.

Assuming, *arguendo*, that Filkins were a "regular and established place of business" of Tempmaster in this district, venue would not be proper here unless Tempmaster can be considered to have committed acts of infringement in this district. Under 35 U.S.C. A. § 271(a), the manufacture, use, or sale of a patented invention without authority constitutes infringement of the patent. Tempmaster does not manufacture or use the accused item within this district; consequently, the court must decide whether Tempmaster's activities in this district constitute, for venue purposes, an act of infringement through sale of the accused item.

The two *Knapp-Monarch* cases and *Channel Master* are closely similar to the instant case and are determinative of the issues presented here. They all involved situations where the defendants' sales representative in the district was authorized to solicit orders which were then accepted by the defendants' home office located outside of the district. It is apparent that the solicitation factor was the key that led the court in all three cases to hold as it did. Cf. Werner Machinery, Co. v. National Cooperatives, Inc., 289 F.Supp. 962 (E. D.Wis.1968). A long line of cases stemming from the United States Supreme Court's opinion in W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915), holds that maintenance of a sales representative who solicits (but does not complete) sales does not meet the statutory test. *Contra* Stiegele v. Jacques Kreisler Mfg. Corp., 213 F.Supp. 494 (D.C.N.Y.1962). It is clear that Filkins merely solicited orders for Tempmaster products as part

of its "buy and sell" operation; it had no power to make sales on behalf of Tempmaster within the meaning of 35 U.S.C. § 271(a).

I conclude that the plaintiff has not successfully borne its burden of establishing the propriety of including Tempmaster as a co-defendant in this action in this district under applicable rules of venue.

Therefore, it is ordered that the defendant Tempmaster's motion to dismiss this action as to itself be and hereby is granted.