**AIR FACTORS, INC., a corporation, Plaintiff,**

v.

**EDWARD FILKINS, INC., a corporation, Defendant.**

No. 73-C-169.

United States District Court,
E. D. Wisconsin.

Nov. 14, 1973.

Michael, Best & Friedrich, by Joseph A. Gemignani, Milwaukee, Wis., for plaintiff.

Quarles, Herriott, Clemons, Teschner & Noelke, by Arthur H. Seidel, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Edward Filkins, Inc. (Filkins), has moved for an order dismissing the complaint in this patent infringement suit for improper venue, pursuant to Rule 12(b)(3) and (d), Federal Rules of Civil Procedure.

In a decision and order dated August 9, 1973, I dismissed the complaint in this action as against Filkins' then co-defendant, Tempmaster Corporation, on venue grounds. See Air Factors Inc. v. Tempmaster Corp., et al, 363 F.Supp. 93 (E.D.Wis., 1973). I conclude that venue as to the defendant Filkins in this district is also improper and that its motion to dismiss the complaint should be granted.

Filkins is an Illinois corporation and admits that it has a regular and established place of business in Milwaukee, Wisconsin. The determinative issue, therefore, is whether Filkins "has committed acts of infringement" within this judicial district, for purposes of the second clause of 28 U.S.C. § 1400(b).

The uncontroverted affidavit of Mr. Filkins, and the deposition of Dean Moecher, establish that Filkins is a wholesaler of air handling services, with its main office in Chicago. It buys air handling products from other equipment manufacturers and resells them to its customers.

The Filkins employees who man its branch office in Milwaukee function in a sales related capacity, soliciting orders for various types of air handling equipment, including the accused Tempmaster air diffusers. Orders for Tempmaster products, which amount to five percent of Filkins' sales, are forwarded to the Filkins main office in Chicago and accepted there; no sale of the accused Tempmaster products is completed within the state of Wisconsin. While the Filkins branch office in Milwaukee provides catalogs and calls upon prospective purchasers of air handling equipment, there is no evidence that Filkins has even displayed or demonstrated samples of the accused Tempmaster air diffusers in Wisconsin. At no time does the Filkins branch office in Milwaukee ever come into possession of the goods, since they are ordered from Chicago for shipment by Tempmaster directly to Wisconsin customers.

The mere maintenance by the defendant Filkins of a sales representative in this judicial district who will solicit but will not consummate a sale is not enough

to meet the venue requirement of § 1400(b); a showing of something more than the mere solicitation of orders there is required to establish venue in a given judicial district. See W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915); Amperex Electronics Corp. v. Perry, 168 U.S.P.Q. 615 (7th Cir. 1970); T. P. Laboratories, Inc. v. Ormco, 389 F.2d 622 (7th Cir. 1968); Mid-Continent Metal Products Co. v. Maxon Premix Burner Company, Inc., 367 F.2d 818 (7th Cir. 1966). Other authorities are cited in Air Factors v. Tempmaster Corp., et al, *supra*.

I conclude that the plaintiff has not successfully borne its burden of establishing the propriety of naming Filkins as a defendant under applicable rules of venue.

Therefore, it is ordered that the defendant Filkins' motion to dismiss the complaint in this action be and hereby is granted.