## U.S. ENVIRONMENTAL PRODUCTS, INC., Plaintiff,

v.

## INFILCO DEGREMONT, INC., Defendant.

### No. 84 C 7882.

United States District Court,
N.D. Illinois, E.D.

Jan. 15, 1985.

Paul H. Berghoff, Stephen F. Sherry, Allegretti, Newitt, Witcoff & McAndrews Ltd., Chicago, Ill., for plaintiff.

Francis A. Even, Carroll F. Palmer, Joseph E. Shipley, Fitch, Even, Tabin & Flannery, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

This patent infringement suit is before the court on defendant's motion to dismiss for improper venue and plaintiff's motion for leave to file supplemental pleadings under Rule 15(d) of the Federal Rules of Civil Procedure. Plaintiff U.S. Environmental Products, Inc. is a Delaware corporation with a principal place of business in Illinois. Plaintiff provides sludge dewatering systems for sewage and water treatment plants. Defendant Infilco Degremont, Inc. is a New York corporation with a regular and established place of business in Naperville, Illinois. Plaintiff alleges that defendant has made, used and sold sludge filters (referred to as "DeHydro filter mats") that infringe plaintiff's patent. Defendant argues that venue in this judicial district is improper as it has not committed any acts of infringement within the district, as required by the patent venue statute, 28 U.S.C. § 1400(b). Plaintiff contends that as of October 30, 1984, such acts have occurred and now seeks leave to file a supplement to its complaint of September 12, 1984, to so allege.

Venue in this case is governed solely by 28 U.S.C. § 1400(b), which states that a patent infringement suit may be brought "where the defendant has committed acts of infringement and has a regular and es-

tablished place of business."[1] 28 U.S.C. § 1400(b); *see Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Defendant Infilco concedes that it has a regular and established place of business in this district, but maintains that it has not committed any acts of infringement here. *See Hunter v. FMC Corp.*, 190 USPQ 66, 68 (N.D.Ill.1975) (a defendant must both have committed acts of infringement and maintained a place of business in the district to establish venue).

The Seventh Circuit Court of Appeals, in *Union Asbestos & Rubber Co. v. Evans Products Co.*, 328 F.2d 949 (7th Cir.1964), set forth the standard for determining venue in patent infringement cases, and clearly held that a completed sale within the district is not necessary to establish that an act of infringement has occurred here for venue purposes. "The test is less strict when venue is challenged, for otherwise a disposition of the venue question would also be one on the merits wherever venue was sustained." *Id.*, at 952. The court found that although there were no sales or deliveries of the allegedly infringing product within the district, two demonstrations of the product, in addition to the continuous solicitation of orders within the district, was a sufficient degree of selling activity to establish venue. *Id.*

 Mere solicitation, however, is not an act of infringement under the venue statute. In *Mid-Continent Metal Products Co. v. Maxon Premix Burner Co.*, 367 F.2d 818 (7th Cir.1966), the Court of Appeals found venue improper in Illinois over a case against an Indiana company that maintained an office in Chicago and solicited purchase orders here, but never displayed or demonstrated the allegedly infringing product. All orders received by the Chicago office were forwarded to the main office in Indiana for acceptance or refusal, accepted orders were filled directly from Indiana, and all customers were billed by the main office. *Id.* at 819. The solicitation, consultation and customer service

activities conducted by the Chicago office did not constitute acts of infringement under § 1400(b). *Id.* at 820. Subsequent decisions have emphasized the demonstration of the allegedly infringing product within the district as one of the essential factors distinguishing mere solicitation from selling. *See Knapp-Monarch Co. v. Casco Products Corp.*, 342 F.2d 622 (7th Cir.), *cert. denied*, 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73 (1965) (venue proper where independent sales representative maintained an office in Chicago, solicited orders and displayed product samples, but did not demonstrate product or approve and fill product orders); *Minnesota Mining and Manufacturing Co. v. The Ansul Co.*, 201 USPQ 725 (N.D.Ill.1978) (venue improper where Wisconsin company maintained office and solicited orders here, but never brought product into Illinois for display or demonstration); *Amperex Electronic Corp. v. Perry*, 168 USPQ 615 (N.D.Ill. 1970) (venue improper where New York company maintained small sales office in Illinois to solicit orders but did not distribute samples of product). The totality of the facts involved must be considered, however, when deciding whether a defendant is selling its product in this district or merely soliciting. *Huey Co. v. Plan Hold Corp.*, 211 USPQ 888, 890 (N.D.Ill.1980).

In the case before us, defendant Infilco maintains an office in this district, and employs sales people and independent manufacturer's representatives to solicit sales in Illinois. Infilco asserts, however, that none of these sales personnel are authorized to enter into sales contracts, and that all purchase orders are forwarded directly from here to the company's main office in Richmond, Virginia, for approval. Memorandum in Support of Defendant's Motion to Dismiss for Improper Venue, at 67. Without more, this activity would be insufficient to establish venue in this judicial district.

 On November 11, 1984, we ordered that discovery proceed on the limited

---

1. Under § 1400(b), a patent infringement suit may also be brought where a defendant resides.

That provision is not in issue here as it is clear that defendant resides in New York.

question of whether the DeHydro filter mat had been displayed or demonstrated in this district. Pursuant to that order, plaintiff took the deposition of Billy S. Washburn, consulting engineer for a proposed sewage treatment plant project in Cary, Illinois. The Cary project contractor plans to use defendant's DeHydro mat, and in fact defendant Infilco and the contractor finalized a sales agreement for the DeHydro mat during the first week of December. Defendant's Response to Plaintiff's Motion to Supplement Complaint, at 8. Washburn testified that he was shown samples of the DeHydro mat on October 30, 1984, by defendant's sales representative.[2] Deposition Tr., at 8–10. This is the first time Washburn saw a sample of the DeHydro mat. Tr., at 8. On the basis of this testimony, plaintiff files its motion to supplement its complaint, contending that the display of the DeHydro mat samples to Washburn constituted display and demonstration of the product sufficient to establish venue.[3]

Defendant responds that although the DeHydro mat samples were shown to Washburn, there was no actual demonstration of the product at that time, nor has there ever been a demonstration of the DeHydro mat in this district. Defendant compares the facts of this case to those decisions from this district holding that mere display of a product at a trade show or sales office without further demonstration is not an act of infringement. *Knapp-Monarch Co. v. Casco Products Corp., supra,* 342 F.2d at 624 (samples of the product were displayed at the sales office but were never demonstrated or used by the sales representative); *Hunter v. FMC Corp., supra,* 190 USPQ at 68 (exhibition and demonstration of a simulation of product at trade shows in the district insufficient to establish venue); *Ropat Corp. v. Scovill Manufacturing, Inc.,* 182 USPQ 594 (N.D.Ill.), *aff'd,* 506 F.2d 1404, 183 USPQ 769 (7th Cir.1974) (display of product at housewares show is mere solicitation).

We disagree. The product in this case was not simply displayed at the defendant's office or a trade show, but was instead taken by defendant's sales employee to a customer in this district for the express purpose of showing that customer the physical properties of the product in an effort to consummate a sale. It appears to us that the demonstration of a product is distinguished from mere display because the former may be more likely to ripen into an actual sale and thus "use" in this district. In this case, defendant Infilco has conceded that it engages in sales solicitation activities here, has used product samples in an effort to sell the DeHydro mat, and has in fact executed a sales contract with a purchaser in this district as of the

---

2. Washburn testified that the purpose of this display was to convince the Cary project contractor to substitute a "new DeHydro filter mat" produced by defendant for the "old DeHydro filter mat" originally included in the Cary project specifications. Tr. 8. To this end, Washburn was shown a 6″ by 6″ piece of the old filter mat and a 2′ by 2′ piece of the new filter mat. Following this meeting, the project contractor did substitute the new mat in its specifications and contracted with defendant for purchase of the new mat. Defendant's Response to Plaintiff's Motion to Supplement Complaint, at 7. Defendant has asked us to find that even if venue is proper, the new DeHydro mat clearly does not infringe plaintiff's patent. Such a ruling would go to the merits of the case and it is thus premature to address the question, particularly since plaintiff asserts that both versions of the DeHydro mat infringe on its patent. Plaintiff's Reply Brief in Support of its Motion to Supplement Complaint, at 4.

3. Under Fed.R.Civ.P. 15(d), supplemental pleadings alleging transactions or occurrences that have happened since the date of the original pleading may be allowed, even though the original pleading is defective. This is true even when jurisdiction is lacking at the time the complaint was filed but the subsequent occurrences now confer jurisdiction. *See Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976) (plaintiff may sue for denial of Medicaid benefits even though he did not apply for such benefits until after complaint was filed); *Dan-Dee Imports, Inc. v. Well-Made Toy Manufacturing Corp.,* 524 F.Supp. 615 (E.D.N.Y.1981) (supplement to copyright infringement suit allowed even though assignment of copyright ownership was not recorded with the Copyright Office until after complaint was filed). Plaintiff's motion to file a supplemental pleading based on the October 30 showing of the DeHydro mat samples is therefore proper.

first week of December. This completed sales contract, which contemplates the delivery of the product into this district at an early date, confirms for us that what took place at the October 30 meeting was substantially a demonstration of the DeHydro mat.[4] The totality of these facts, we believe, indicates that defendant has committed an act within this district sufficient to establish venue.

## CONCLUSION

We therefore hold that venue is proper in this judicial district. Defendant's motion to dismiss is denied and plaintiff is granted leave to file a supplemental pleading to augment its venue allegations. Defendant is ordered to answer or otherwise plead to plaintiff's complaint by February 5, 1985.

---

4. Defendant emphasizes that no attempt was made to demonstrate the use of the product samples by pouring water over them. Defendant's Response to Plaintiff's Motion to Supplement Complaint, at 6–7. It would be an overly technical application of the standard articulated in *Union Asbestos* to hold that venue should be determined by whether defendant has ever poured water over its filter mat samples in this district. *See Uniroyal, Inc. v. Midland-Ross Corp.,* 185 USPQ 26, 28 (N.D.Ill.1974) ("a technical reading of the 'demonstration' language of *Union Asbestos* eschews the court's holding in that case.").